Thank you everybody. Welcome to day four of this week's sitting, last day of the week. We have four cases today, the first of which I'm now reminded will be part live, part Zoom. We're excited to have most of you back in person. Most of you have been with us before and you understand sort of the rules of the road, but here they are very briefly. One, we've read your briefs, the cases that underlie them, the statutes, the record materials, so don't feel like you need a long procedural historical factual wind up, just get right to it. Two, as you know we have a traffic light system here, so green you're good to go, yellow begin to think about wrapping up, and with the red light please do bring your argument to a close. We're not going to cut you off in the middle of a sentence and it will only carry you beyond the allotted time with questions. We're very fair, we'll make sure that you have the time to get your argument. So with that, let's call the first case, which is Steele v. Commissioner of Social Security, 20-11656. We have Mr. Plata here for the appellant and Ms. Liam on Zoom for the appellee. Mr. Plata, when you're ready, you can fire away. Thank you, Your Honor. May it please the court, I would ask that I would reserve two minutes for rebuttal. Very well. I would first like to very shortly summarize where the argument in this case stands currently. The background in this case is that we have a child whom I represent was born by in vitro fertilization but conceived after the death of the wage earner is important in this case because this is a Social Security case. It is an appeal based upon a claim for children's insurance benefits or survivor benefits. In order for the child that I represent to be found to be a child so they can receive such benefits, he must be able to take property in test state under the law of the state in which the domiciled wage earner died. That's not that we understand that this is fundamentally sort of a battle over the interpretation of this Florida statute. That is correct, Your Honor. And I would point out in looking at the legislature, what the legislature did with regard to Section 742.17 in parenthesis four, that the entire section of 724 deals with parentage. And it also in the subparagraph 17.4 deals with inheritance. What is significant is that the Florida legislature previously had enacted 732.106 which allowed for a child conceived before the death of a wage earner to receive in test state benefits. Counsel, let me ask you a question. We're really here because there isn't a case from the Florida Supreme Court that addresses the specific statute 742.17 subsection four. And there really isn't any case in Florida that addresses that subsection, correct? That would be correct, Your Honor. Would this be a case that would be proper to certify to the Florida Supreme Court? I don't think so. Because the ultimate question that is going to come up is whether this child can be found to take in test state property such that he can recover benefits under federal law 42 USC 416 in parenthesis small h in parenthesis . . . I lost my thought here for a moment. That's okay. I mean, I guess I take your point to be that this is ultimately a question of federal law. I think so. And interpretation. But just in fairness, I think Judge Lagoa's point is that she understands that this is ultimately a question of federal law, but embedded within that question and determinative of that issue is a question of state law, right? I mean, everybody agrees here. Yeah, there's this federal statute, but so says the Supreme Court, so says the regulation. You look through the Florida law, and so that's what's really before us. It is, but most significantly for this court is that if it can be found on its face that the Florida state law is met with regard to this child being able to take in test state, then clearly the child would be able to recover the social security benefits that are sought. Right, but under, in order for this child to take in test state, it has to be based on 742.174 because it's a child that was born after the transfer of egg sperms or pre-embryos to a woman's body after the other parent died, correct? Conception. Conception is the issue. There is a Florida state statute that talks about being conceived prior to the death of the wage earner. You're talking about the after birth years? After is where we are in this case, is that we have a child who was not only born after the death of the wage earner father, but also was conceived after the death. But that's a very, now you're making arguments that I don't, I didn't see addressed or articulated at all in the briefs. Discussion about what the definition of conceived means. We did not. We did not. So you're making, it may have been an interesting argument to make, but you certainly didn't make it in your initial brief. I think though, however, in explanation with in vitro fertilization, that the conception would be when the procedure was actually performed because the, just by the way the Florida courts have held, was that the conception, again, that was allowed with regard to taking intestate property, was done before the death of the wage earner. You're talking about the conception or the actual procedure being performed after the death of the wage earner. So that's the difference that is there. Conception itself has not been an issue with regard to the case. However, it is the position of the appellant that this is a significant problem in that this child is being treated differently and other children similarly situated who are born by in vitro fertilization, which is becoming a common practice, and who have been conceived or having the procedure done after the death of the wage earner. Can I ask you, I guess maybe I'm just having a hard time sort of catching up to what may be new arguments. I thought this case was really about, A, an interpretation of the statute, the unless clause of the statute. You say that you've got to look through the Florida law to see if you can take intestate. Look at the statute. It says, not eligible for a claim against the decedent's estate unless the child has been provided for by the decedent's will. And you say that doesn't mean except through the will. That just means it's a necessary condition. If you're provided for by the will, then you can take either through the will or through the laws of intestacy, right? Well, I think the way I would explain it to you, our position is that the statute is looking about an inheritance. Mentioned at the beginning of the subsection, it's talked about a death of a spouse. What I think is essential to understanding Section 724 is that there are three essential elements that have to be present. You mean 742? Yeah, 742. 17 sub 4. Yes. The 742 is the chapter, I believe, federally. But in any event, what we're talking about are the essential elements that have to be present in order for a child to be deemed the child of the wager or the decedent. And it's very important because one of the things that you'll find in looking at Section 742 is that the commissioning, there must be a commissioning couple as found at Section 13 of the appropriate statute. The commissioning couple is the intended mother and father. We understand that, but again, the issue here is that the commissioning couple in this case, there was no transfer prior to the death of the decedent. Because if there had been, then 732.106, the afterborn heirs statute, would be applicable because the child would have been conceived before the death of the decedent but born thereafter. So we're now dealing with 742.17 subsection 4, which is a child conceived after the death of one of the parents but before the transfer, which is what occurred here, unless I'm incorrect and perhaps I am mistaken about the record. That is correct. The statute that we're dealing with deals with, shall not be eligible for a claim against a decedent's estate unless the child has been provided for by the decedent's will. My understanding is that the decedent in this case did leave a will, correct? Yes. My understanding is that the issue before this court then is the interpretation of the phrase, unless the child has been provided for. That's really the crux of the case and the dispute between your side and the government side. Yes, that would be true. That would be true. Let me follow up. Even if you're right, I actually think you've got a very substantial argument that unless provided for in the will doesn't necessarily mean except through the statute provides a necessary condition. Why is it that backing up to the sufficient condition because of course 742.17.4 doesn't create any rights, it just provides a restriction. Now that you've knocked down on my argument here of the restriction, how is it that you're opting in anyway? You've got to be under the previous section, 732.17.4, but you've got to be a descendant of the decedent. How are you a descendant of the decedent? Your Honor, because the child in question that I represent becomes a child of the decedent by meeting 742.17.4. Because he's met these three conditions, commissioning couple, loving couple, husband and wife, created the child, a will, a will that specifically in Article 1 provided for those children. And now, having said that he is the child, or my client, the child is the child of the decedent, when looking at the definition of descendant as found in 731.201.9, you then, the child is a descendant. And when the child becomes a descendant, the can take intestate property under Chapter 732.103. So you then have a child who can take intestate property as well as the fact that there is a statutory law here that says that property not disposed of by will goes intestate. So the child that I represent in therefore could take property intestate and would meet the standard in the federal statute, which I gave to you, 42 U.S.C. 416, in parentheses, H, in parentheses, keep forgetting. Oh, yeah, H, Arabic 2, and then in parentheses, and then in parentheses capital A. I guess I worry that we may be sort of bootstrapping or something. So in answer to my question, how does your client become a descendant of the decedent under 732.103, you said, well, we've got to look under the definition of descendant, and it says a person in any generalized level down the descending line and including children. So your point is he's a child? That's correct. So, but then I said, then thinking through this, I said, well, how do we know that he's a child? And I think you pointed me back to 742.17 sub 4. That's right. But as I read 742.17 sub 4, all it does is sort of like remove a barrier to inheriting intestate. It doesn't create a right to inherit intestate. No, I think, though, that's why you would have to, once you find that the child meets the standard of being a child of the descendant, whether, in fact, he would be, you'd have to go to the law being a descendant and the law undertaking intestate property. But it certainly isn't limiting just to being provided for by a will. Providing for by a will means he's a devisee, but being a devisee isn't enough. He's also a descendant, and by becoming a descendant, he's able to take intestate property, including property that has not been provided for by will, not disposed of by will. Okay, very good. All right, so you have two minutes for rebuttal. Thank you, Your Honor. We'll hear from Ms. Liam. Please let me know if I'm pronouncing that correctly, if it's Liam or Leem. It's Leem, Your Honor. All right, very well. All right. You may proceed when ready. Thank you. Okay, I'm ready. May it please the Court, my name is Natalie Leem, representing the appellee, Commissioner for the Social Security Administration. It sounds like the panel and appellant understand that at issue here is really just a single statute, Florida Statutes 742.17, subsection 4. And it's the agency's position that the plain language of the statute simply does not create intestacy rights for a child created under these circumstances. There's nothing in the plain language that refers to establishing the child as a descendant. Let me ask you a question, because the word provided that, the definition of that phrase means on the condition that. So it allows a possibility or a chance or an opportunity for something. So how is it not, how is this child not provided for in the descendant's will when there's a specific reference to future children? Well, the agency's position is not that there are no inheritance rights under the statute. But the statute seems to simply recognize that children conceived after the death of the wage earner would still be able to take under the will as long as the will provides for that child. Right, but if a will does not provide for a particular thing, then that particular asset of the estate then is devised through the laws of, that the Florida legislature has agreed to. And so it would then transfer by equal part to the descendants of the person who died. I agree, but there's nothing in this statute that states that simply being provided for in a will creates a decedent, let alone a decedent who is entitled to a child's share. So there's simply nothing in the plain language that. How can you say that? Because it says shall not be eligible for a claim against the decedent's estate. You concede that survivor benefits would be a claim against a decedent's estate if someone is entitled to that. I'm sorry, could you repeat the question? If there are survivor benefits, insurance policy benefits, or in this case, Social Security benefits, that would be a claim against a decedent's estate by someone? I don't believe so. That's not really a claim against the decedent's estate. I think it's separate issues here. The benefits program under the Social Security Act is a federal program, and it's my understanding that this statute is simply talking about probate law. Are you suggesting that if there is an insurance policy, and the insurance policy does not have beneficiaries that are set aside, so it's supposed to go to the children or there's a surviving spouse and children, and the policy doesn't say how it's supposed to be divided, the particular policy, that that's not something that would belong to the estate? I wouldn't go that far to say that, simply because I just don't know enough about probate law and how probate encompasses insurance policy. Let me ask you the question that I asked the other side. Since we're dealing with a Florida statute, and no one on this bench is a member of the Florida Supreme Court, which is the highest state court in the state of Florida, and is the final arbiter of state law, would this not be appropriate to certify to the Florida Supreme Court? The agency has no objection to certifying this to the Florida Supreme Court, but the agency's position is that the plain language of the statute simply does not support appellant's argument that this statute somehow creates intestacy rights through a will. Well, let me ask you one question on that point. For 742.174, if this child is provided for in a will, and the will only, for example, covers the house, but there's a much larger estate, and the will says this child takes the house, there is still more to the estate that is not provided for in the will, and it would seem that under this Florida statute, because the child is provided for in the will, that the child would then have a claim for the estate that's not provided for in the will, and so wouldn't that mean that the child, by being provided for in the will, also has intestacy rights? I simply do not see that in the statute, just because it only recognizes rights created through a will. But it says if you're provided for in the will, you then are eligible for a claim against the decedent's estate. It doesn't say you can only take provided to the will as far as the will goes. It does seem to give a claim against the estate. I mean, I know it doesn't specify that only rights through a will are established under the statute, but it also does not specify that intestacy rights arise where provided for in the will, and I believe that's an important point. I think that's one of the rules of statutory construction where they specifically identify one type of item but exclude another type of item, then it should be implied that that exclusion was deliberate. And you're saying then that the wording, a claim against the decedent's estate, does not in any way include intestacy rights? Yes, Your Honor. All right, so I'm sorry. Let me just sort of pick up the thread. So I think I actually read 742.17 sub 4 slightly differently than Judge Branch does. So I want to follow up with you. I don't read 742.17 sub 4 to say if you're provided for in the will, then you get intestacy rights. I read it to say unless you're provided for in the will, you don't get intestacy rights. Those are not quite the same thing. So when you say the plain language, are you referring to the plain language of 742.17 sub 4 or 732.103 which says that this is the sufficient condition if X, then intestacy rights, the X there is descendant of the decedent. And you're saying I can't find in the statute where this person becomes a qualifying descendant of the decedent. Which plain language are we talking about here? I'm specifically referring to the plain language of 742.17 sub section 4, which again, you know, it makes no reference to intestacy rights. It makes no reference to establishing this person as a decedent. You know, I think the 732.106 is a good counter to 742.17. But it makes no reference to it because this is a statute, a statutory scheme that was created by the Florida legislature, 742, which is an entire section in the Florida legislative statute. And it doesn't do that because it's clear in the Florida law that if you're not provided for in the will, then anything that belongs to the estate, you inherit through the intestate laws. And there's a certain scheme for that. If there's a surviving spouses first, and after that, then there's the children, and then there's levels of children. I mean, there's no, why would there be, you read also the entire statute as a whole. Understood, Your Honor, but there is no reference to the statutory scheme for intestacy and intestate succession in 742.17. But why would there have to be when there's case law in Florida that says that if you're not provided for specifically, if there's nothing that talks about something that pertains to the estate in the will, then those assets of the estate then travel through the intestate laws. Your Honor, because 742.17 is about establishing the parent-child relationship, where the parent-child relationship is at question, it's unclear how the intestacy, the rules of intestate succession would even apply here. It seems to me that the most obvious reading of 742.17 sub 4 is that it simply designates persons who are sufficiently important to be within the category of possibles to take. And if you are provided for in the will, then I don't think it follows like the night, the day that you have intestacy rights, but you're at least not precluded from having intestacy rights. And if this, if this child was provided for in the will, then at the very least, he is not excluded. I mean, that, that is a good point that you make, but, you know, again, I go back to the plain language of the statute and I just don't see why simply because they say eligible for a claim expands the rights to intestacy rights where they've already specifically, uh, required that a will is providing for that child. So if the statute just said, thinking out loud, shall not be eligible for a claim against the decedent's estate period, uh, what law would we be looking for to determine whether or not there could even theoretically be a claim against the decedent's estate? Wouldn't it be the intestacy laws that Judge Lagoa has been talking with you about? I don't think so. If it ends there, then it seems that the legislature is definitively precluding a child who's conceived through these means from the intestacy rights. Well, and so the remainder of the statute then just says, unless the child is provided for in the will. And, you know, if you look up unless it just says like, you know, that this is a, that this is a triggering condition. And so if we're here debating, uh, the interpretation of the statute, and if we are, you know, you have an argument that the child isn't provided for in the will, but if we think the child is provided for in the will, why isn't that necessary condition satisfied? I think the necessary condition is satisfied under the statute, but the statute only recognizes inheritance rights created through a will, not that once inheritance rights are created through a will, that will confers intestacy rights. It seems to me that your position though, which I'll confess, the very first time I read through the case, I had sort of the same reaction, which was, uh, like you, uh, I don't know a whole lot about, um, probate law. And so my general sort of walking in assumption was, well, there are kind of like two ways you get things. Um, one is through intestacy, two is through a will, and if this says, unless provided for in the will, it must mean not intestacy. That's your position. That's the way I read it the first go, go round. But then it dawned on me as Judge Branch, I think mentioned earlier, it's not always true that the will sort of like, uh, occupies the field and takes care of every last little aspect of the estate. And so oftentimes you'll have partial wills. And so, so, I mean, but if that's true, I think your position only works if you always have perfect wills. Uh, if instead we live in a, in the real world where you have imperfect wills, um, then it just says unless provided for in the will. And if you're provided for in the will, you're not excluded. It doesn't say anything about why, you know, sort of that, that, that, that a will sort of occupies the field of the only way that you can take property. Well, I understand that, you know, there are going to be partial wills and there is going to be partial intestacy, but in this particular context, then, you know, in this particular context, we can't create rights that simply aren't in the language of the statute. But again, you're reading the statute as not part of an entire scheme that the legislature created because when you look at, uh, 732.101, which talks about any part of the estate of a decedent not effectively disposed of by will passes to the decedent's heirs as prescribed in the following sections of this code. The decedent's death is the event that vests the heir's rights to the decedent's interstate property. Then you have to look at what the legislature, the legislative scheme with regards to the division of property through the interstate process. And so of course you could have a will that talks about, uh, the residential homestead property and maybe there's, uh, another property on a beach and then maybe there's a business property and perhaps that business property wasn't disclosed or disposed of in the will. That still has to pass through the estate. I understand your honor, but if you read other provisions of the probate code, other sections of 732 and 731, you know, they specifically identify when a test, intestacy rights arise, uh, and 742.17 does not. And I believe that distinction is important. You know, if the legislature wanted to, uh, state that a will conferred intestacy rights, they knew how to do so. They did so in other sections and in 732.106, but they declined to do so. So I, I see that my time is running out. Um, you know, that I, I believe that, uh, at this point, you know, the agency's position is clear that the plain language, you know, specifically excludes intestacy rights. It only recognizes rights created through will, and it does not state that a will creates intestacy rights. Uh, therefore the agency believes that this decision should be affirmed. Thank you. Thank you very much. Uh, Mr. Plata, you have two minutes remaining. Thank you, Your Honor. Our position, very simply, which I believe the Court is well aware, is that these aren't perfect wills. This isn't a perfect world. There would be property left over after the provisions of the will were satisfied. Such things as personal property, other property, would have to pass, and it would be passed intestate by the provision of the Florida law, which determined that property not disposed of by will would go intestate. And that's why I believe that the essentials, the conditions, if you will, of 742.17.4 are you have a commissioning couple, you have a will, and you have provision in the will for the child. Once you have that, then you have the child of the decedent, and once you have the child of the decedent, then in looking at the entire legislative scheme, he becomes a descendant, and as a descendant, he's entitled to take intestate property, and that satisfies the federal law for him to recover benefits with regard to children's insurance benefits. Thank you. Thank you very much. Interesting case. Uh, well argued on both sides. We'll submit that case and move to a